```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ALABAMA
                     SOUTHERN DIVISION

GEORGIA FLETCHER,              }
                               }
     Plaintiff,                }
                               }    CIVIL ACTION NO.
v.                             }    07-AR-0247-S
                               }
LIBERTY MUTUAL GROUP, et al.,  }
                               }
     Defendants.               }
```

**MEMORANDUM OPINION**

The above-entitled action was removed to this court from the Circuit Court of Jefferson County, Alabama, based on defendants' invocation of this court's diversity jurisdiction pursuant to 28 U.S.C. §1332. Because defendant, Dan Hillman ("Hillman"), is non-diverse, sharing the Alabama citizenship of plaintiff, it was necessary that defendants assert and prove that Hillman was fraudulently joined and therefore entitled to an order dismissing the action as against him. Hillman filed a motion to dismiss, and plaintiff, Georgia Fletcher ("Fletcher"), filed a motion to remand, both of which motions are now under submission.

**Analysis**

"Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of

1

the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440-41 (11th Cir. 1983). Removal statutes are to be narrowly construed against removal and all doubts must be resolved in favor of remand. *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998). The Eleventh Circuit has recently elevated the examination by holding that the removing defendants must prove by clear and convincing evidence their allegations of fraudulent joinder. *Henderson v. Washington Nat'l Ins. Co.*, 454 F.3d 1278, 1284 (11th Cir. 2006).

In this case, Fletcher brings two claims against Hillman: (1) intentional interference with contractual relations; and (2) outrageous conduct. Hillman argues that there is no possibility that Fletcher can prove either of these causes of action against him. Hillman may be correct that neither claim is particularly strong. However, this court is not persuaded that Fletcher's claims are so devoid of merit as to constitute fraudulent joinder.

*a) Intentional Interference with Contractual Relations*

Under Alabama law, the elements of an intentional interference claim are as follows: (1) existence of a contract; (2) defendant's knowledge of the contract; (3) intentional interference by defendant with that contract; and (4) resulting damages. *Parsons v. Aaron*, 849 So.2d 932, 946 (Ala. 2002). Fletcher has set forth allegations which, if true, meet the elements of this cause of

2

action. In their brief, defendants make much of the fact that an interference claim is one of tort and not contract, and therefore cannot be satisfied by a mere claiming of nominal damages. This may be true, but because Fletcher has also claimed mental anguish and emotional distress, it is not fatal.

*b) Outrage*

In Alabama, the tort of outrage is a limited one, available only when defendant's conduct is extreme. *Wal-Mart Stores, Inc. v. Smitherman*, 872 So.2d 833, 840 (Ala. 2003). The elements of the tort are not easily reduced to a formulaic recitation. Defendants argue that the cause of action, although amorphous, has at least some discernable standards and that this court, applying those standards, should recognize that Fletcher's claim is not viable.

Although this court harbors serious doubts about whether Fletcher will survive summary judgment on this claim under Rule 56, the court concludes that Fletcher's claim is not subject to dismissal under Rule 12(b)(6). This conclusion is informed by the burden placed on defendants to establish the impermissibility of a non-diverse defendant's inclusion by "clear and convincing" evidence. In other words, it is not the role of this court to delve deeply into the merits of the claim. Such determinations are reserved for a later stage in the proceedings.

**Conclusion**

For the reasons given above, Fletcher's motion to remand will be granted by a separate order.

DONE this 20th day of February, 2007.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE